IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| FRANCISCO JAVIER SOTO,<br><br>                 Plaintiff<br><br>VS.<br><br>ROBERT MARKLEY, *et al.*,<br><br>                 Defendants | NO.  3:08-CV-27 (CDL)<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## ORDER AND RECOMMENDATION

Plaintiff FRANCISCO JAVIER SOTO, at all times relevant to the events complained of in the above-captioned case, was an inmate in the custody of the Morgan County Detention Center. He has sued defendants Sheriff ROBERT MARKLEY, Lt. KATHY BOWERS, Capt. SHARON VANCE, and Nurse DEBRA BELL alleging that these defendants violated his constitutional rights. Plaintiff's primary allegation is that the aforementioned defendants were collectively and deliberately indifferent to his serious medical needs, namely, an ingrown toenail.  Currently before the court is defendants' MOTION TO DISMISS or, in the alternative, MOTION TO COMPEL.  Tab #22.

### PROCEDURAL AND FACTUAL BACKGROUND

On April 1, 2008, plaintiff SOTO filed the instant action using this court's QUESTIONNAIRE FOR PRISONERS PROCEEDING PRO SE UNDER 42 U.S.C. §1983 and an attached narrative description of the claim. Tab #1.  He contemporaneously filed a request to proceed *in forma pauperis*.  Tab #2. After reviewing the plaintiff's filings, the undersigned granted plaintiff's request to proceed *in forma pauperis,* but suspended service upon the defendants until further order of the court.  Tab #4.  Upon further review, the undersigned made the following observations about the plaintiff's COMPLAINT: (1)the narrative portion of the COMPLAINT was completed in Spanish, and (2) the COMPLAINT did not appear to allege that the plaintiff had exhausted his available administrative remedies. Consequently, on April 4, 2008, the undersigned directed the plaintiff to RECAST his Complaint in English and to show cause as to why his COMPLAINT should not be dismissed for failing to exhaust his administrative remedies. Tab #5. On April 17, 2008,  apparently with the assistance of a fellow bilingual inmate, plaintiff SOTO responded to the court's order in the form of a letter written in English.  Tab #6. Therein, the plaintiff recast the particulars of his COMPLAINT which included an allegation that he had, in fact, filed a grievance regarding his alleged medical need with defendant Bowers which was ignored.

Upon review of the plaintiff's RESPONSE, the undersigned acknowledged plaintiff's allegation regarding exhaustion and ordered service upon all defendants. Tab #7. Defendants subsequently filed an ANSWER (TAB #14) as well as the instant MOTION TO DISMISS / COMPEL. In their motion, defendants contend that the COMPLAINT should be dismissed because plaintiff failed to *timely* respond to defendants' discovery requests. In the alternative, defendants' motion seeks an order compelling the plaintiff to respond to the aforementioned discovery. Plaintiff has since filed with the court his answers to the aforementioned discovery requests, Tab #30.

## DISCUSSION

Having carefully reviewed the defendants' motion, and in light of the fact that the plaintiff has filed answers to the defendants' discovery requests, it appears that the portion of the defendants motion seeking an order to compel is moot. As such, the portion of the defendants' motion seeking an order to compel is DENIED. With regard to the portion of the defendants' motion seeking to have the plaintiff's case dismissed on the basis that plaintiff has failed to respond to discovery, it is RECOMMENDED that such request also be DENIED. This RECOMMENDATION is based, in part, on the fact that plaintiff did respond to defendants' discovery requests, the fact that the plaintiff is proceeding *pro se*, and the fact that the plaintiff is evidently not proficient in the English language and, as such, must rely upon the assistance of other bilingual inmates to read and respond to the various pleadings in this case.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to the above **RECOMMENDATION** with the district judge to whom this case is assigned, **WITHIN TEN (10) DAYS** after being served with a copy thereof.

**SO ORDERED AND RECOMMENDED**, this 17th day of November, 2008.



                                                CLAUDE W. HICKS, JR.
                                                UNITED STATES MAGISTRATE JUDGE