IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| FRANCISCO JAVIER SOTO,<br><br>　　　　　　　　Plaintiff<br><br>　　VS.<br><br>ROBERT MARKLEY, *et al.*,<br><br>　　　　　　　　Defendants | **NO. 3:08-CV-27 (CDL)**<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## RECOMMENDATION

Plaintiff Francisco Javier Soto, at all times relevant to the events complained of in the above-captioned case, was an inmate in the custody of the Morgan County Detention Center.  He has sued defendants Sheriff Robert Markley, Lt. Kathy Bowers, Capt. Sharon Vance, and Nurse Debra Bell alleging that these defendants violated his constitutional rights.  Plaintiff's sole remaining claim is that the defendants were deliberately indifferent to his serious medical needs, namely, an ingrown toenail.

Before the court is the defendants' motion seeking summary judgment.  Tab #43.  This motion is supported by a brief, statement of undisputed material facts, several affidavits, and numerous other exhibits.  Plaintiff Soto has been directed to and has filed a response to the defendants' motion. Tab #45.  In their motion seeking summary judgment, the defendants essentially argue that plaintiff Soto has failed to adequately state a claim of deliberate indifference.

### LEGAL STANDARDS

#### A. Summary Judgment

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, Slip Opinion No. 92-2485, 1993 U.S. App. LEXIS 33079 (11th Cir.). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

---

[1] *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

## B. Medical Treatment of Prisoners

In *Estelle v. Gamble*, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment."  429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251, rehearing denied 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1976). However, the course of treatment is "a classic example of a matter for medical judgment." *Estelle, supra*, at 107, 97 S.Ct. at 293.

At most, a mere allegation of improper or untimely treatment, without more, states a claim of medical malpractice cognizable under state law. *Id. See also Howell v. Evans*, 922 F.2d 712, 719 (11th Cir. 1991). Moreover, *Estelle* specifically states that the question of whether an x-ray or additional diagnostic techniques or forms of treatment are indicated are classic examples of matters for medical judgment and that medical malpractice does not become a constitutional violation merely because the patient is a prisoner. *Estelle, supra*, at 292-93 (emphasis added).

Furthermore, in order to prevail in a Section 1983 case involving allegations of deliberate indifference to serious medical needs, a plaintiff must show more than mere negligence or error in judgment; there must be some purposeful or intentional denial of necessary medical treatment or at least the medical treatment that was given must be so grossly incompetent as to shock the conscience. *Mandel v. Doe*, 888 F.2d 783 (11th Cir. 1989); *Washington v. Dugger*, 860 F.2d 1018 (11th Cir. 1988); *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703-04 (11th Cir. 1985).

## DISCUSSION

In his COMPLAINT, the plaintiff Soto contends that the defendants violated his constitutional rights. The basis of the plaintiff's claim in this case involves treatment he received for an ingrown toenail. More specifically, plaintiff complains that the defendants were deliberately indifferent to his medical needs by failing to provide him with adequate treatment for the ingrown toenail.

In support of their MOTION FOR SUMMARY JUDGMENT, the defendants have submitted a number of materials, including affidavits and copies of pertinent medical records. These materials clearly indicate that the defendants were not deliberately indifferent to the plaintiff's serious medical needs. Instead, these materials indicate that the plaintiff was repeatedly seen and treated for his ingrown toenail in accordance with constitutional standards. In his response, the plaintiff has provided nothing of substance to rebut the defendants' showing or to support his contentions that the medical treatment that the defendants provided him with was inadequate.

Accordingly, since it appears that the defendants are entitled to judgment as a matter of law, **IT IS RECOMMENDED** that the defendants' MOTION FOR SUMMARY JUDGMENT be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof. [2]

SO RECOMMENDED, this 29th day of JULY, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] As noted above, plaintiff Soto also named Nurse Debra Bell as a defendant in his Complaint. To date, Nurse Bell has not been served with this action. Nevertheless, a review of the record in this case indicates that plaintiff Soto has failed to make allegations against Nurse Bell sufficient to maintain his claim of medical deliberate indifference. Accordingly, IT IS RECOMMENDED that she be dismissed from this action. Adoption of this recommendation by the district judge will thus dispose of this case.